UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE BANK OF NEW YORK MELLON,

    Plaintiff,

v.                                                             Case No:   6:16-cv-979-Orl-41TBS

DONALD F. WILLIAMS, PATRICIA WILLIAMS, ANGELA STARR KOLACKI, THE UNKNOWN SPOUSE OF ANGELA STAR KOLACKI, ROBERT J. KOLACKI, THE UNKNOWN SPOUSE OF ROBERT J. KOLACKI, THE UNKNOWN SPOUSE OF DONALD F. WILLIAMS, THE UNKNOWN SPOUSE OF PATRICIA WILLIAMS, THE TOWERS AT PONCE INLET COMMUNITY SERVICES ASSOCIATION, INC., BERMUDA BAY CONDOMINIUM ASSOCIATION, INC., THE TOWERS AT PONCE INLET, TOWER V CONDOMINIUM ASSOCIATION, INC., WELLS FARGO BANK, N.A., ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST and TENANT '35;1, TENANT '35;2, TENANT '35;3, AND TENANT '35;4,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court *sua sponte*. Plaintiff The Bank of New York Mellon filed this mortgage foreclosure case in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, on May 24, 2013 (Doc. 1 at 2). *Pro se* Defendant Donald F. Williams removed the case to this Court on June 7, 2016, on the

basis of federal question jurisdiction (Id.). He asserted that this "is a civil action arising under the Constitution, laws, or treatises of the United States, because Defendant asserts the defense of TILA rescission, the violations of due process and defenses involving the FDCPA and TILA violations, the violations of due process and defenses involving the FDCPA and TILA violations, which are federal statutes." (Id. at 3).

Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Where, as here, a case is removed to federal court pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A review of the state court docket reveals numerous other Defendants who have not consented to removal. Consequently, the notice of removal is deficient.

On June 15, 2016, the Court ordered the parties to address in writing by July 5, 2016, whether this action was properly removed from state court to this Court, and whether an order of remand is appropriate (Doc. 4). Mr. Williams is the only party who filed a response to the Order (Doc. 19). His response is styled as a motion for reconsideration (Doc. 19). Mr. Williams argues that the Court "overlooked certain powers it has to reframe the pleadings to include a federal question especially when the Truth In Lending Act is involved" and that "judicial economy requires consolidation of the cases that rest on the same factual allegations." (Id. at 1).

Mr. Williams has failed to demonstrate that this Court has subject matter jurisdiction. See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."). Mr. Williams purports to invoke the Court's federal

question jurisdiction and argues that he has asserted or hopes to assert several defenses that invoke federal law (Doc. 1 at 3). But, Plaintiff's complaint for foreclosure does not invoke federal law. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original) (citations omitted); Kemp v. IBM, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question cannot create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid.").

Because Plaintiff's complaint does not raise a federal question, and not all Defendants consented to the removal of this action, I **RESPECTFULLY RECOMMEND** that this action be **REMANDED** to the state court for lack of subject matter jurisdiction.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 7, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties