UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE BANK OF NEW YORK MELLON,

      Plaintiff,

v.                                                      Case No: 6:16-cv-979-Orl-41TBS

DONALD F. WILLIAMS, PATRICIA WILLIAMS, ANGELA STARR KOLACKI, THE UNKNOWN SPOUSE OF ANGELA STAR KOLACKI, ROBERT J. KOLACKI, THE UNKNOWN SPOUSE OF ROBERT J. KOLACKI, THE UNKNOWN SPOUSE OF DONALD F. WILLIAMS, THE UNKNOWN SPOUSE OF PATRICIA WILLIAMS, THE TOWERS AT PONCE INLET COMMUNITY SERVICES ASSOCIATION, INC., BERMUDA BAY CONDOMINIUM ASSOCIATION, INC., THE TOWERS AT PONCE INLET, TOWER V CONDOMINIUM ASSOCIATION, INC., WELLS FARGO BANK, N.A., ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST and TENANT #1, TENANT #2, TENANT #3, AND TENANT #4,

      Defendants.
_____/

## ORDER

      THIS CAUSE is before the Court on Defendant Donald F. Williams' Motion for Reconsideration (Doc. 19), which was filed in response to United States Magistrate Judge Thomas

B. Smith's June 15, 2016 Order (Doc. 4), wherein Judge Smith concluded that Defendant Williams' Notice of Removal (Doc. 1) was deficient. Judge Smith noted that the deficiency resulted from the fact that not all Defendants consented to removal, *see* 28 U.S.C. § 1446(b)(2)(A), Williams' failed to file with his notice of removal "a copy of all process, pleadings, and orders served upon . . . defendants" in the state court action, *see id.* § 1446(a), and a federal question did not arise on the face of Plaintiff's mortgage foreclosure Complaint (Doc. 6). Additionally, Judge Smith stated that the Court was unable to determine if there was diversity jurisdiction because the notice of removal was silent as to the citizenship of the parties. As a result, Judge Smith's Order directed the parties to address in writing whether this action had been properly removed and whether an order of remand is appropriate.

Williams filed the only response. In his response, Williams argued that the Court "overlooked certain powers it has to reframe the pleadings to include a federal question especially when the Truth in Lending Act is involved" and that removal was proper for purposes of judicial economy. (Doc. 19 at 1). Judge Smith subsequently issued a Report and Recommendation (Doc. 20), recommending that the action be remanded to the state court for lack of subject matter jurisdiction. Again, Judge Smith explained that Plaintiff's Complaint fails to raise a federal question, and therefore, this Court does not have subject matter jurisdiction over this case.

Williams filed an Objection to the Report and Recommendation (Doc. 22). In his Objection, Williams argues that it "has become common knowledge that every foreclosure action is subject to federal regulations, a violation of which necessarily involves a federal question and federal laws." (*Id.* at 2). More broadly, Williams asserts that he has met the "purpose" for removal jurisdiction, that the Court is free to realign the parties if necessary, and suggests that removal is

proper because under federal law, where a non-removeable claim is coupled with a federal claim, the entire action may removed, *see* 28 U.S.C. § 1441(c).

After an independent *de novo* review of the record in this matter, the Court agrees entirely with the analysis set forth in the Report and Recommendation. Turning specifically to Plaintiff's objections, despite Plaintiff's contention that every foreclosure action involves a federal question and federal laws, the requirements for establishing that a federal court has subject matter jurisdiction over a case are clearly settled, and the requirements have not been satisfied here. In order for a federal court to have subject matter jurisdiction so that removal is proper, "a federal question must appear on the face of the plaintiff's complaint." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). After examining the Complaint, however, it is apparent that no federal question arises on the face of Plaintiff's Complaint. As discussed above, Williams also asserts that he has met the "purpose" for removal jurisdiction. Although there are several issues with this argument, this Court will address only one. Even if Williams could somehow show that he "meets the purpose of removal jurisdiction," this does not alleviate Williams from demonstrating that the basic and well-established criteria for properly removing a case to federal court have been satisfied. This Court further notes that it is not clear how realignment is relevant or why it would be necessary in this case. Finally, to the extent Plaintiff tries to invoke 28 U.S.C. § 1441(c), the provision applies when a federal claim is joined with a state law claim, and as previously discussed, no federal claim is at issue here based on Plaintiff's Complaint.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Donald F. Williams' Motion for Reconsideration (Doc. 19) is **DENIED**.
2. The Report and Recommendation (Doc. 20) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. This case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, Case Number 2013-31344-CICI.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Court of the Seventh Judicial Circuit, in and for Volusia County, Florida